UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JALINSKI ADVISORY GROUP, INC.,                                    :
                                                                              :     Index No. 1:18-cv-00024-PKC
                                                                              :
                                          Plaintiff,              :     **ANSWER**
                                                                              :
                    - against -                                   :
                                                                              :
FORTE MANAGEMENT, LLC                                             :
                                                                              :
                                                                              :
                                          Defendant.             :
------------------------------------------------------------------------x

Defendant, Forte Management, LLC ("Defendant," or "Forte"), by and though its attorneys, Davidoff Hutcher & Citron, LLP, as and for its Answer to the January 2, 2018 complaint (the "Complaint") of plaintiff Jalinski Advisory Group, Inc. ("Plaintiff," or "Jalinski"), denies each and every allegation contained in the Complaint except as admitted or otherwise qualified herein, and alleges on knowledge with respect to itself and its own acts and on information and belief as to all other matters responds as follows:

**Nature of Action and Relief Sought**

1.      Denies the allegations set forth in Paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.      Denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Denies the allegations set forth in Paragraph 5 of the Complaint, except admits that Plaintiff has asserted claims of trademark infringement, unfair competition, false designation of origin, and trademark dilution under both New York State and federal law.

**The Parties**

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Admits the allegations set forth in Paragraph 7 of the Complaint.

**Jurisdiction and Venue**

8.      Denies the allegations set forth in Paragraph 8 of the Complaint.

9.      Admits the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies the allegations set forth in Paragraph 10 of the Complaint, except admits that the Southern District of New York serves as proper venue.

**Facts Common to All Claims**

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 with respect to Defendant's alleged provision of services, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 with respect to Plaintiff's radio programs, except admits that Defendant provides business management services primarily to corporate clients and business entities.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Admits the allegations set forth in Paragraph 22 of the Complaint.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT I**
**TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT**

26.     In response to Paragraph 26 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT II**
**TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT**

31.     In response to Paragraph 31 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Denies the allegations set forth in Paragraph 35 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT III**
**TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT**

36.     In response to Paragraph 36 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

37.     Denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Denies the allegations set forth in Paragraph 40 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT IV**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER**
**SECTION 43(a) OF THE LANHAM ACT**

41.     In response to Paragraph 41 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

42.     Denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Denies the allegations set forth in Paragraph 46 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT V**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER**
**SECTION 43(a) OF THE LANHAM ACT**

47.     In response to Paragraph 47 of the Complaint, Defendant incorporates by reference

all preceding paragraphs as if fully set forth herein.

48.     Denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT VI**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER**
**SECTION 43(a) OF THE LANHAM ACT**

53.     In response to Paragraph 53 of the Complaint, Defendant incorporates by reference

all preceding paragraphs as if fully set forth herein.

54.     Denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT VII**
**TRADEMARK DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT**

59.     In response to Paragraph 59 of the Complaint, Defendant incorporates by reference

all preceding paragraphs as if fully set forth herein.

60.     The allegations contained in Paragraph 60 of the Complaint assert legal conclusions as to which no response is required.  To the extent that the Court deems that a response is required to any allegations contained in Paragraph 60 of the Complaint, Defendant denies those allegations.

61.     Denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Denies the allegations set forth in Paragraph 64 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT VIII**
**TRADEMARK DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT**

65.     In response to Paragraph 65 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

66.     The allegations contained in Paragraph 66 of the Complaint assert legal conclusions as to which no response is required.  To the extent that the Court deems that a response is required to any allegations contained in Paragraph 66 of the Complaint, Defendant denies those allegations.

67.     Denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Denies the allegations set forth in Paragraph 70 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT IX**
**TRADEMARK DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT**

71.     In response to Paragraph 71 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

72.     The allegations contained in Paragraph 72 of the Complaint assert legal conclusions as to which no response is required.  To the extent that the Court deems that a response is required to any allegations contained in Paragraph 72 of the Complaint, Defendant denies those allegations.

73.     Denies the allegations set forth in Paragraph 73 of the Complaint.

74.     Denies the allegations set forth in Paragraph 74 of the Complaint.

75.     Denies the allegations set forth in Paragraph 75 of the Complaint.

76.     Denies the allegations set forth in Paragraph 76 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT X**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

77.     In response to Paragraph 77 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

78.     Denies the allegations set forth in Paragraph 78 of the Complaint.

79.     Denies the allegations set forth in Paragraph 79 of the Complaint.

80.     Denies the allegations set forth in Paragraph 80 of the Complaint.

81.     Denies the allegations set forth in Paragraph 81 of the Complaint.

82.     Denies the allegations set forth in Paragraph 82 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT XI**
**UNLAWFUL DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK GBL § 349**

83.     In response to Paragraph 83 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

84.     Denies the allegations set forth in Paragraph 84 of the Complaint.

85.     Denies the allegations set forth in Paragraph 85 of the Complaint.

86.     Denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Denies the allegations set forth in Paragraph 88 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT XII**
**TRADEMARK INFRINGEMENT UNDER NEW YORK GBL § 133**

89.     In response to Paragraph 89 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

90.     Denies the allegations set forth in Paragraph 90 of the Complaint.

91.     Denies the allegations set forth in Paragraph 91 of the Complaint.

92.     Denies the allegations set forth in Paragraph 92 of the Complaint.

93.     Denies the allegations set forth in Paragraph 93 of the Complaint.

94.     Denies the allegations set forth in Paragraph 94 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT XIII**
**DILUTION UNDER NEW YORK GBL § 360-L**

95.     In response to Paragraph 95 of the Complaint, Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

96.     Denies the allegations set forth in Paragraph 96 of the Complaint.

97.     Denies the allegations set forth in Paragraph 97 of the Complaint.

98.     Denies the allegations set forth in Paragraph 98 of the Complaint.

99.     Denies the allegations set forth in Paragraph 99 of the Complaint.

100.    Denies the allegations set forth in Paragraph 100 of the Complaint.

**AS TO THE COMPLAINT'S PRAYER FOR RELIEF**

Denies that Plaintiff is entitled to any claim for relief, including but not limited to those claims alleged in the "Relief Sought" on Pages 17 and 18 of the Complaint.

## ADDITIONAL AVERMENTS

Denies all claims and allegations contained in the Complaint to which Defendant has not herein unequivocally admitted.

## AFFIRMATIVE DEFENSES

Without assuming a burden as to any of the following Affirmative Defenses where the law does not impose such a burden, Defendant asserts the following Affirmative Defenses to the Complaint. Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred by the statute of frauds, laches and/or the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred by the doctrines of res judicata, issue preclusion and/or claim preclusion.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred by the doctrine of acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim for which "enhanced profits and damages" can be awarded.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim for which treble damages can be awarded.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim for which punitive damages can be awarded.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which attorney's fees or costs can be awarded.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, because Plaintiff has failed to mitigate any alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, on the basis that some or all of the marks upon which the Action was brought are generic.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, on grounds that no acts or actions or use or display of any mark by Defendant creates a false designation of origin in violation of any right alleged to be held or owned by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, on grounds that no acts or actions or use or display of any mark by Defendant is an act of unfair competition in violation of any right alleged to be held or owned by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, on the grounds that no acts or actions or use or display of any mark by Defendant creates a false designation of origin in violation of any right alleged to be held or owned by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because to the extent Defendant used any marks upon which the Action was brought, such use was prior to Plaintiff's first use of those marks, and therefore Defendant has superior rights in and to the phrase "financial quarterback" in connection with the stated services.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because the marks upon which the Action was brought are so diluted due to third party use that such marks are entitled to only the narrowest scope of protection.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because the marks upon which the Action was brought are not famous as that term is defined in 15 U.S.C. §1125(c)(1).

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part,

because Plaintiff has only used the words "financial quarterback" in a descriptive manner consistent with how it is used in the financial industry market and not as a trademark or source identifier of its stated services.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because Plaintiff does not own the marks upon which the Action was brought.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, by virtue of fraud on the United States Patent and Trademark Office in the prosecution and/or maintenance of the asserted registrations and pending applications based on the intentional withholding of information that the marks upon which the Action was brought were widely used prior to Plaintiff's use and/or registration by people and companies offering, for example, accounting, tax, business management, financial, financial management, financial planning and financial advisory services and education relating to the same.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because the phrase "financial quarterback" does not create, in and of itself, a distinctive commercial impression apart from the generic meaning of the encompassing words. The "financial quarterback" phrase immediately conveys knowledge concerning the type of services in connection with which it is used. Upon information and belief, consumers who are familiar with "financial quarterbacks" (especially those in the financial industry) will understand that the marks upon which the Action was brought mean the services identified in the asserted registrations and pending applications.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, because the marks upon which the Action was brought are generic due to the fact that the relevant market understands the term "financial quarterback" primarily as the common or class name for a particular type of wealth management and financial services.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, because any infringement, if any, was not intentional, in bad faith, or with deceptive intent, and because Defendant's use of the marks upon which this Action was brought, if any, was not willful and was without knowledge of Plaintiff's asserted rights.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendant (no causation).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Complaint and each and every cause of action therein are barred, in whole or in part, because Plaintiff has suffered no irreparable harm.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and therefore the relief prayed for in the Complaint cannot be granted.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Without admitting that the Complaint states a claim, any remedies are limited to the extent there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged

single wrong.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant and Plaintiff do not offer their respective services to the same consumer base, in that Defendant offers substantially all of its services to corporate clients and business entities, and upon information and belief, Plaintiff offers substantially all of its services to individuals.

Dated: New York, New York
         March 9, 2018

DAVIDOFF HUTCHER & CITRON LLP,

By: _____ /s/ _____
         Matthew R. Yogg
         Mark E. Spund
         605 Third Avenue
         New York, New York 10158
         (212) 557-7200
         Fax (212) 286-1884
         mry@dhclegal.com
         mes@dhclegal.com

         *Attorneys for Defendant*
         *Forte Management, LLC*