UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JALINSKI ADVISORY GROUP, INC.,  :
             :  Index No. 1:18-cv-00024-PKC
             :
       Plaintiff,  :  **AMENDED ANSWER**
             :  **WITH COUNTERCLAIMS**
    - against -   :
             :
FORTE MANAGEMENT, LLC  :
             :
             :
       Defendant.  :
------------------------------------------------------------------------x

Defendant, Forte Management, LLC ("Forte"), by and though its attorneys, Davidoff Hutcher & Citron, LLP, as and for its amended answer with counterclaims (the "Amended Answer with Counterclaims") to the January 2, 2018 complaint (the "Complaint") of plaintiff Jalinski Advisory Group, Inc. ("Jalinski"), denies each and every allegation contained in the Complaint except as admitted or otherwise qualified herein, and alleging on knowledge with respect to itself and its own acts and on information and belief as to all other matters responds as follows:

**Nature of Action and Relief Sought**

1. Denies the allegations set forth in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. Denies the allegations set forth in Paragraph 3 of the Complaint.

4. Denies the allegations set forth in Paragraph 4 of the Complaint.

5. Denies the allegations set forth in Paragraph 5 of the Complaint, except admits that Jalinski has asserted claims of trademark infringement, unfair competition, false designation of origin, and trademark dilution under both New York State and federal law.

## The Parties

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Admits the allegations set forth in Paragraph 7 of the Complaint.

## Jurisdiction and Venue

8.      Denies the allegations set forth in Paragraph 8 of the Complaint.

9.      Admits the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies the allegations set forth in Paragraph 10 of the Complaint, except admits that the Southern District of New York serves as proper venue.

## Facts Common to All Claims

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 with respect to Forte's alleged provision of services, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 with respect to Jalinski's radio programs, except admits that Forte provides business management services primarily to corporate clients and business entities.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Admits the allegations set forth in Paragraph 22 of the Complaint.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT I
## TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT

26.     In response to Paragraph 26 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT II
## TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT

31.    In response to Paragraph 31 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

32.    Denies the allegations set forth in Paragraph 32 of the Complaint.

33.    Denies the allegations set forth in Paragraph 33 of the Complaint.

34.    Denies the allegations set forth in Paragraph 34 of the Complaint.

35.    Denies the allegations set forth in Paragraph 35 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT III
## TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT

36.    In response to Paragraph 36 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

37.    Denies the allegations set forth in Paragraph 37 of the Complaint.

38.    Denies the allegations set forth in Paragraph 38 of the Complaint.

39.    Denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Denies the allegations set forth in Paragraph 40 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT IV
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER
## SECTION 43(a) OF THE LANHAM ACT

41.    In response to Paragraph 41 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

42.    Denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Denies the allegations set forth in Paragraph 43 of the Complaint.

44.    Denies the allegations set forth in Paragraph 44 of the Complaint.

45.    Denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Denies the allegations set forth in Paragraph 46 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT V
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER
## SECTION 43(a) OF THE LANHAM ACT

47.     In response to Paragraph 47 of the Complaint, Forte incorporates by reference all

preceding paragraphs as if fully set forth herein.

48.     Denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VI
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER
## SECTION 43(a) OF THE LANHAM ACT

53.     In response to Paragraph 53 of the Complaint, Forte incorporates by reference all

preceding paragraphs as if fully set forth herein.

54.     Denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VII
## TRADEMARK DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT

59.     In response to Paragraph 59 of the Complaint, Forte incorporates by reference all

preceding paragraphs as if fully set forth herein.

60.     The allegations contained in Paragraph 60 of the Complaint assert legal conclusions as to which no response is required.  To the extent that the Court deems that a response is required to any allegations contained in Paragraph 60 of the Complaint, Forte denies those allegations.

61.     Denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Denies the allegations set forth in Paragraph 64 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT VIII**
**TRADEMARK DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT**

65.     In response to Paragraph 65 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

66.     The allegations contained in Paragraph 66 of the Complaint assert legal conclusions as to which no response is required.  To the extent that the Court deems that a response is required to any allegations contained in Paragraph 66 of the Complaint, Forte denies those allegations.

67.     Denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Denies the allegations set forth in Paragraph 70 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT IX**
**TRADEMARK DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT**

71.     In response to Paragraph 71 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

72.     The allegations contained in Paragraph 72 of the Complaint assert legal conclusions as to which no response is required.   To the extent that the Court deems that a response is required to any allegations contained in Paragraph 72 of the Complaint, Forte denies those allegations.

73.     Denies the allegations set forth in Paragraph 73 of the Complaint.

74.     Denies the allegations set forth in Paragraph 74 of the Complaint.

75.     Denies the allegations set forth in Paragraph 75 of the Complaint.

76.     Denies the allegations set forth in Paragraph 76 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT X**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

77.     In response to Paragraph 77 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

78.     Denies the allegations set forth in Paragraph 78 of the Complaint.

79.     Denies the allegations set forth in Paragraph 79 of the Complaint.

80.     Denies the allegations set forth in Paragraph 80 of the Complaint.

81.     Denies the allegations set forth in Paragraph 81 of the Complaint.

82.     Denies the allegations set forth in Paragraph 82 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT XI**
**UNLAWFUL DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK GBL § 349**

83.     In response to Paragraph 83 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

84.     Denies the allegations set forth in Paragraph 84 of the Complaint.

85.     Denies the allegations set forth in Paragraph 85 of the Complaint.

86.     Denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Denies the allegations set forth in Paragraph 88 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT XII**
**TRADEMARK INFRINGEMENT UNDER NEW YORK GBL § 133**

89.     In response to Paragraph 89 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

90.     Denies the allegations set forth in Paragraph 90 of the Complaint.

91.     Denies the allegations set forth in Paragraph 91 of the Complaint.

92.     Denies the allegations set forth in Paragraph 92 of the Complaint.

93.     Denies the allegations set forth in Paragraph 93 of the Complaint.

94.     Denies the allegations set forth in Paragraph 94 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT XIII**
**DILUTION UNDER NEW YORK GBL § 360-L**

95.     In response to Paragraph 95 of the Complaint, Forte incorporates by reference all preceding paragraphs as if fully set forth herein.

96.     Denies the allegations set forth in Paragraph 96 of the Complaint.

97.     Denies the allegations set forth in Paragraph 97 of the Complaint.

98.     Denies the allegations set forth in Paragraph 98 of the Complaint.

99.     Denies the allegations set forth in Paragraph 99 of the Complaint.

100.     Denies the allegations set forth in Paragraph 100 of the Complaint.

**AS TO THE COMPLAINT'S PRAYER FOR RELIEF**

Denies that Jalinski is entitled to any claim for relief, including but not limited to those claims alleged in the "Relief Sought" on Pages 17 and 18 of the Complaint.

## Additional Averments

Forte denies all claims and allegations contained in the Complaint to which Forte has not herein unequivocally admitted, and further, makes the following additional averments concerning Jalinski's claims:

101.    Forte incorporates by reference all previous paragraphs of the Amended Answer with Counterclaims as if fully set forth herein.

102.    Jalinski is the embodiment of a troll, a party which seeks revenue via dubious claims of intellectual property infringement.

103.    Since January 2018, Jalinski has filed no fewer than eight lawsuits in federal courts throughout the country seeking damages for alleged infringement of its FINANCIAL QUARTERBACK marks. In addition to this Action, these lawsuits include:

   a.   *Jalinski Advisory Group, Inc. v. Joel Isaacson & Co.*, LLC, Index No. 1:18-cv-00021-JFK filed in the Southern District of New York on January 2, 2018;

   b.   *Jalinski Advisory Group, Inc. v. Del-Sette Capital Management, LLC*, Index No. 1:18-cv-00010-MAD-TWD filed in the Northern District of New York on January 2, 2018;

   c.   *Jalinski Advisory Group, Inc. v. Karpack*, Index No. 2:18-cv-00036-WJM-MF filed in the District of New Jersey on January 2, 2018;

   d.   *Jalinski Advisory Group, Inc. v. BJL Wealth Management, LLC*, Index No. 1:18-cv-00034-JBS-JS filed in the District of New Jersey on January 2, 2018;

   e.   *Jalinski Advisory Group Inc. v. Quarterback Financial Group LLC*, Index No. 3:18-cv-00424-N filed in the Northern District of Texas on February 20, 2018;

f.   *Jalinski Advisory Group Inc. v. Franklin Retirement Solutions, Inc.*, Index No. 2:2018cv00801 filed in the Eastern District of Pennsylvania on February 22, 2018; and

g.   *Jalinski Advisory Group Inc. v. David Rae*, Index No. 2:18-cv-01871-DMG-RAO filed in the Central District of California on March 6, 2018.

Copies of the complaints filed in each of the seven above-cited actions are attached hereto as **Exhibit A**.

104.    This Action shares common characteristics with all seven of the above-cited actions. Like this Action, all seven above-cited actions concern each respective defendant's alleged infringing use of Jalinski's FINANCIAL QUARTERBACK trademarks; like this Action, all but one of the seven above-cited actions were filed by Jalinski's counsel in this Action; and all of the seven above-cited actions were brought via complaints that are substantially identical to the Complaint filed in this Action. *See* **Exhibit A**.

105.    As is the case with this Action, upon information and belief, each of the defendants in the seven above-cited actions employed the term "financial quarterback" in a normative or descriptive manner in order to characterize their respective services.

106.    As is the case with this Action, upon information and belief, each of the defendants in the seven above-cited actions employed the term "financial quarterback" without any intent to trade on the goodwill of Jalinski.

107.    As is the case with this Action, upon information and belief, Jalinski is using the threat of prolonged litigation in order to coerce a monetary settlement from the defendants in each of the seven above-cited actions.

**Facts Relevant to Jalinski's Claims**

108.    On or about October 26, 2015, Forte's general counsel, Aaron Kanter, Esq., received a letter (the "Cease and Desist Letter") from counsel for Jalinski, Maurice Ross, Esq., demanding that Forte cease and desist from any and all uses of the term "financial quarterback" on Forte's website and social media accounts. Prior to receiving this letter, Forte had neither known of Jalinski's existence, nor was it aware that any person or entity claimed rights to trademarks for the term "financial quarterback."

109.    After receiving the Cease and Desist Letter, Mr. Kanter discussed the claims and threats detailed therein with Greg DeYonker, another officer of Forte. While concluding that the claims of infringement detailed in the Cease and Desist Letter were groundless, Mr. Kanter and Mr. DeYonker decided that the threat of litigation did not warrant the use of "financial quarterback" by Forte, particularly because the term was seldom used by Forte and was of no value to Forte.

110.    Accordingly, on October 27, 2015, Mr. Kanter directed Mr. DeYonker to remove "financial quarterback" from Forte's LinkedIn page, the only use of "financial quarterback" of which Forte was aware at the time. The term was removed from Forte's LinkedIn page at or before 10:28 am on October 27, 2015.

111.    Mr. Kanter and Mr. DeYonker also determined that the Cease and Desist Letter's demand that Forte remove "financial quarterback" from its website must have been in reference to the its website before November 12, 2014, on which date Forte overhauled the website, which resulted in the removal from the website of any reference to the term "financial quarterback."

112.    On or about November 12, 2014, well before its receipt of the Cease and Desist Letter, Forte conducted an overhaul of its website. As part of that overhaul, Forte removed two

strings of words and phrases that ran across the bottom of the homepage that were descriptive or generic of the services Forte provided or the traits that Forte embodied. These terms included:

> "financial management," "top provider network," "international support," "consolidated financial reports," "holistic management," "exceptional value," "improved profitability," "tested experience," "reliability," "redundant resource," "multiple locations," "financial analysis & reporting," "company formation," "negotiation support," "legal support," "insurance support," "estate planning," "tax planning and filings," "business consulting," "wealth management," "business & personal accounting," and "accounts receivable & payables."

One such term that appeared in these two strings of terms and phrases, which Forte removed from the website on or about November 12, 2014, was "financial quarterback."

113.    Also as part of its November 12, 2014 overhaul of the website, Forte removed from a subpage of the website the following passage, which included the term "financial quarterback":

> We provide access to the best services available, manage your finances, and bring all of the information together with consideration to cash flow, taxes, legal ramifications and your long term objectives. We are your financial quarterback. Forté also provides consulting services to help you analyze the information at hand and ultimately make the best strategic and operational decisions possible.

114.    At or about 3:00 pm on October 27, 2015, Mr. Kanter and Mr. Ross conducted a telephone conference to discuss the claims and threats in the Cease and Desist Letter. While conceding that Forte and Jalinski did not cater to the same market, Mr. Ross nonetheless requested that Forte remove any references to the term "financial quarterback" from Forte's website and LinkedIn page.

115.    Mr. Kanter informed Mr. Ross that "financial quarterback" had been removed from the LinkedIn page earlier in the day, and had been removed from the website many months prior to Forte's receipt of the Cease and Desist Letter. Thus, presently pending claims of

infringement based on acts that occurred in 2014 and 2015, which were resolved via Forte's removal of the offending content and are therefore barred by the doctrine of laches.

116.     Unbeknownst to Mr. Kanter and the other officers of Forte, at the time of Forte's October 27, 2015 telephone conference with Mr. Ross, a second LinkedIn page in Forte's name existed (the "Second LinkedIn Page"), which also included a single use of the term "financial quarterback." The relevant text read as follows:

> Fort is a New York City based, independent financial business management firm dedicated to providing superb service and simplifying our clients' lives. For over 20 years, Fort has catered to a wide range of businesses, including; actors, agencies, photographers, models, designers, writers, stylists, post-production houses, public relations firms, entrepreneurs, and other high net worth individuals. Fort is the financial quarterback for our clients, providing a team of best in class service professionals in various disciplines, including CPAs, investment bankers, bookkeepers, attorneys, asset managers and insurance experts. Fort also provides management consulting services and helps our clients analyze the information at hand to make the best strategic and operational decisions possible with consideration to cash flow, taxes, legal ramifications and the clients long term objectives.

117.     For the period beginning on September 1, 2017 (the earliest point from which LinkedIn analytics could be gathered) to February 28, 2018, the Second LinkedIn Page averaged precisely one (1) viewer per day, and 0.686 unique viewers per day.

118.     At no point did Forte ever have any client interaction via the Second LinkedIn Page.

119.     At no point between October 27, 2015 and October 27, 2017 did Forte change or adjust the text that included the reference to "financial quarterback" on the Second LinkedIn Page, as outlined in Paragraph 116 above, nor did Forte add or remove any other references to "financial quarterback" on the Second LinkedIn Page, because the Second LinkedIn Page had been forgotten by Forte, as evidenced by its lack of maintenance and eventual need to obtain access from LinkedIn.

120.    On October 27, 2017, having heard nothing from Mr. Ross or any other representative of Jalinski since his telephone conference two years prior, Mr. Kanter received a demand letter from Mr. Ross (the "Demand Letter"), alerting Forte of the alleged infringement on the Second LinkedIn page and demanding monetary compensation. Not until their receipt of the Demand Letter had either Mr. Kanter or any other Forte officer been aware that "financial quarterback" existed on any of its social media accounts after October 27, 2015.

121.    Seeking to avoid litigation on the use of a term that had no value to Forte, Mr. Kanter and Mr. DeYonker immediately sought to remove the reference to "Financial Quarterback" from the Second LinkedIn page. Accordingly, Forte worked with LinkedIn to gain password access to the Second LinkedIn Page. On November 5, 2017, Forte finally gained access to the Second LinkedIn page, and removed the single reference to "financial quarterback" thereon.

122.    On March 12, 2018, following the initial pretrial conference in this Action before the Court, Mr. Ross emailed to counsel for Forte a packet of documents labeled "evidence," purportedly showing Forte's alleged instances of trademark infringement ("Jalinski's Evidence"). Jalinski's Evidence comprises:

     a.  A screenshot of the Second LinkedIn Page (captured on August 31, 2017) displaying Forte's use of "financial quarterback" as outlined in Paragraph 116, above;

     b.  A screenshot of a third-party data aggregation website called Ziggy.com (captured on September 11, 2017) displaying a similar use of "financial quarterback" in association with Forte, which page Forte neither published nor ever had any control over;

    c.   A screenshot of an archived interview with Forte officer Jason DeYonker published by Leaders Magazine on or about October 4, 2014 (screenshot of online archive captured on September 6, 2017), wherein Mr. DeYonker is quoted in one instance as saying, "[w]e [Forte] essentially are their financial quarterback and help them avoid mistakes that could have an exponential effect"; and

    d.   A screenshot of a Google search for any of the terms "forte," "management," "financial," and "quarterback" (captured on February 2, 2018) which appears to show as hits two Forte LinkedIn pages, Forte's website, the Ziggy.com page, and the DeYonker interview, falsely creating the impression that such pages both (i) were published or controlled by Forte, and (ii) included the term "financial quarterback."

Jalinski's Evidence is attached hereto as **Exhibit B**. Omitted from Jalinski's Evidence, is any screenshot purportedly showing Forte's use of "financial quarterback" on its website.

### Jalinski's Marks

123.   Jalinski claims to be the owner of trademark and/or trade dress rights in and to certain asserted FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK word marks that are the subject of United States Trademark Registration Nos. 3,782,665, 4,722,740, 5,346,562, and 5,346,563.

124.   Attached hereto as **Exhibit C** is a true and accurate summary of Jalinski's portfolio of registered U.S. trademarks and pending applications for the mark FINANCIAL QUARTERBACK according to the online database of the U.S. Patent and Trademark Office.

125.    Jalinski's    FINANCIAL    QUARTERBACK    and    THE    FINANCIAL QUARTERBACK registrations are subject to cancellation on the grounds that Jalinski's mark is a generic term and/or merely descriptive.

126.    The phrase "financial quarterback" is a common term of art used in the wealth management industry. As one commentator described it:

> "Financial quarterback" has become a cliché in the wealth management industry. For years, coaches and marketing gurus have urged advisors to become that central financial point person who coordinates and executes all investment and financial decisions for wealthy clients. Playing quarterback means being lead coordinator of client's other financial service providers and givers-of-advice, such as accountants, estate attorneys, trust officers, etc.

> But all clichés have a grain of truth, and if you listened to the coaches and the gurus, good for you, because it turns out enthusiasm for the quarterback role is growing among the super-rich, according to research released Wednesday by Morgan Stanley and Campden Research. Campden surveyed 53 North American ultra-high-net-worth individuals, nearly two-thirds of whom had net worth of more than $100 million.

> In fact, the quarterback idea is relatively new. It didn't really catch on with the rich until after the market went into a tailspin in 2007. Even back in 2010, only a quarter of ultra-affluent families were using a quarterback. Today, that number has grown to 42 percent, according to Campden.

*See* http://www.wealthmanagement.com/wealth-planning/really-rich-really-want-financialquarterbacks, dated June 27, 2012.

127.    The term "financial quarterback" is widely used as a descriptive and generic term throughout the United States by the general population, and in the wealth management industry, to refer to the types of services identified in Jalinski's FINANCIAL QUARTERBACK registration.

128.    Upon information and belief, the term "financial quarterback" has been used by third parties since, at least, before Jalinski's date of purported use in interstate commerce, i.e. September 10, 2008.

129.    For example, but not meant to be limiting, excerpts from online articles, books and websites, which include use of the term of art "financial quarterback" are attached hereto as **Exhibit D**.

130.    Upon information and belief, none of the articles, books or websites as listed in **Exhibit D** reference Jalinski's services.

131.    Upon information and belief, one or more of the articles, books or websites listed in **Exhibit D** used the term "financial quarterback" descriptively prior to Jalinski's alleged dates of first use in commerce and/or interstate commerce.

132.    Upon information and belief, one or more of the articles, books or websites listed in **Exhibit D** used the term "financial quarterback" generically or descriptively prior to Jalinski's filing dates for the asserted trademarks.

133.    Prior to Jalinski's use, the phrase "financial quarterback" was and continues to be a descriptive and/or generic term of art used by third parties in the financial services marketplace.

134.    The phrase "financial quarterback" does not create, in and of itself, a distinctive commercial impression apart from the generic or descriptive meaning of the mark.

135.    The "financial quarterback" phrase immediately conveys knowledge concerning the type of services in connection with which it is used.

136.    Upon information and belief, consumers who are familiar with "financial quarterbacks" (especially those in the financial industry) will understand that Jalinski's mark means the services identified in the registration. The registered mark is used in its ordinary meaning to describe a particular type of wealth management and financial services.

137.    Jalinski's mark is generic because the relevant purchasing public understands "financial quarterback" primarily as the common or class name for a particular type of wealth management and financial services.

138.    For these reasons, Jalinski's FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK marks are generic and/or merely descriptive and should be cancelled.

139.    To the extent Jalinski's FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK marks are not generic and/or merely descriptive, they are entitled to a very narrow scope of trademark protection.

## Affirmative Defenses

Without assuming a burden as to any of the following Affirmative Defenses where the law does not impose such a burden, Forte asserts the following Affirmative Defenses to the Complaint. Forte reserves the right to assert additional defenses based on information learned or obtained during discovery.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred by the statute of frauds, laches and/or the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred by the doctrines of res judicata, issue preclusion and/or claim preclusion.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred by the doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive fair use.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which "enhanced profits and damages" can be awarded.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which treble damages can be awarded.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which punitive damages can be awarded.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which attorney's fees or costs can be awarded.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because Jalinski has failed to mitigate any alleged damages.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part,

on the basis that some or all of the marks upon which the Action was brought are generic.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, on grounds that no acts or actions or use or display of any mark by Forte creates a false designation of origin in violation of any right alleged to be held or owned by Jalinski.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, on grounds that no acts or actions or use or display of any mark by Forte is an act of unfair competition in violation of any right alleged to be held or owned by Jalinski.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, on the grounds that no acts or actions or use or display of any mark by Forte creates a false designation of origin in violation of any right alleged to be held or owned by Jalinski.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because to the extent Forte used any marks upon which the Action was brought, such use was prior to Jalinski's first use of those marks, and therefore Forte has superior rights in and to the phrase "financial quarterback" in connection with the stated services.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because the marks upon which the Action was brought are so diluted due to third party use that such marks are entitled to only the narrowest scope of protection.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because the marks upon which the Action was brought are not famous as that term is defined in 15 U.S.C. §1125(c)(1).

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because Jalinski has only used the words "financial quarterback" in a descriptive manner consistent with how it is used in the financial industry market and not as a trademark or source identifier of its stated services.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because Jalinski does not own the marks upon which the Action was brought.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, by virtue of fraud on the United States Patent and Trademark Office in the prosecution and/or maintenance of the asserted registrations and pending applications. For example, based on the intentional withholding of information that the marks upon which the Action was brought were widely used prior to Jalinski's use and/or registration by people and companies offering, for example, accounting, tax, business management, financial, financial management, financial planning and financial advisory services and education relating to the same.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because the phrase "financial quarterback" does not create, in and of itself, a distinctive

commercial impression apart from the generic meaning of the encompassing words. The "financial quarterback" phrase immediately conveys knowledge concerning the type of services in connection with which it is used. Upon information and belief, consumers who are familiar with "financial quarterbacks" (especially those in the financial industry) will understand that the marks upon which the Action was brought mean the services identified in the asserted registrations and pending applications.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because the marks upon which the Action was brought are generic due to the fact that the relevant market understands the term "financial quarterback" primarily as the common or class name for a particular type of wealth management and financial services.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because any infringement, if any, was not intentional, in bad faith, or with deceptive intent, and because Forte's use of the marks upon which this Action was brought, if any, was not willful and was without knowledge of Jalinski's asserted rights.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because Jalinski's damages, if any, were not caused by Forte (no causation).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because Jalinski has suffered no irreparable harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Forte in the Complaint, and therefore the relief prayed for in the Complaint cannot be granted.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, any remedies are limited to the extent there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Forte and Jalinski do not offer their respective services to the same consumer base, in that Forte offers substantially all of its services to corporate clients and business entities, and upon information and belief, Jalinski offers substantially all of its services to individuals.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint and each and every cause of action therein are barred, in whole or in part, because upon information and belief, Forte is a prior user of the mark FINANCIAL QUARTERBACK.

### <u>Exceptional Case Under Lanham Act</u>

This case is exceptional against Jalinski, entitling Forte to attorney's fees pursuant to 15 U.S.C. § 1117. Furthermore, Forte is entitled to attorney's fees and costs pursuant to the Court's inherent power to sanction, 28 U.S.C. § 1927, and the Federal Rules of Civil Procedure.

**Prayer for Relief**

WHEREFORE, Forte prays for judgment as follows:

a. The Court to enter judgement in its favor and against Jalinski, dismissing with prejudice each of the claims asserted by Jalinski;

b. That the Court declare, adjudge, and decree that Forte has not infringed any rights that Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

c. That the Court declare, adjudge and decree that Jalinski has not been damaged in any way by the use of the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks by Forte;

d. That the Court declare, adjudge and decree that the use of term "financial quarterback" by Forte does not infringe any rights that Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

e. That the Court order cancellation of the asserted FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK Marks;

f. That the Court deem this case exceptional under the Lanham Act;

g. That the Court award Forte its damages, costs, disbursements and attorney fees as allowed by law and equity; and

h. That the Court award Forte such other and further relief in its favor as the Court deems appropriate.

## COUNTERCLAIMS

Defendant/counter-plaintiff, Forte Management, LLC ("Forte"), files these counterclaims against plaintiff/counter-defendant Jalinski Advisory Group, Inc. ("Jalinski") and in support of these counterclaims would show unto the Court the following:

### Parties

140.    Forte incorporates by reference all previous paragraphs of the Amended Answer with Counterclaims as if fully set forth herein.

141.    Forte is a limited liability company organized and existing under the laws of the State of New York with its principal offices located at 170 Varick Street, New York, NY 10013.

142.    Forte provides business management services primarily to corporate clients and business entities in the New York metropolitan area. Forte does not direct any of its services to individual consumers.

143.    Upon information and belief, Jalinski is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, NJ 08753.

144.    Upon information and belief, Jalinski provides investment management services to individual consumers through, among other things, a radio program titled "The Financial Quarterback," which provides listeners with advice regarding personal finance and wealth/investment management, and through appearances for broadcast and cable television networks, podcasts, and seminars.

### Jurisdiction

145.    These counterclaims are brought under the Declaratory Judgment Act, 28 U.S.C. 2201-2202, the Lanham Act, 15 U.S.C. 1051, *et seq.*, and New York statutory and common law.

146.    This Court has subject matter jurisdiction over these counterclaims by virtue of 15 U.S.C. §§ 1119 and 1121 (Lanham Act), 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28 U.S.C. § 1338 (Patent, Trademark and Copyright), and 28 U.S.C. § 1367 (Supplemental Jurisdiction), and general principles of ancillary and pendent jurisdiction.

147.    The Court has personal jurisdiction over Jalinski and venue is proper in this District because, *inter alia*, Jalinski submitted to personal jurisdiction of this Court and venue in this District by commencing this Action.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### No Likelihood of Confusion

148.    Forte incorporates by reference all previous paragraphs of the Amended Answer with Counterclaims as if fully set forth herein.

149.    Forte repeats and incorporates by reference each and every allegation contained in the paragraphs hereinabove, as if set forth fully herein.

150.    There is no likelihood of confusion between Jalinski's asserted marks and Forte's use of the phrase "financial quarterback."

151.    Jalinski has no trademark rights in the FINANCIAL QUARTERBACK Marks in connection with financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management services in Class 036 or Class 035.

152.    To the extent Jalinski has trademark rights in the asserted FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks, if at all, the asserted marks are generic, weak and/or descriptive, and entitled to narrow protection.

153.    To the extent Jalinski has trademark rights in the FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks, its rights are limited to entertainment services in Class 041, only.

154.    There are multiple third party prior and continuous uses of the term "financial quarterback" in connection with financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management services.

155.    The term "financial quarterback" is generic and/or merely descriptive in connection with financial planning, financial management, financial advisory retirement planning, investment advisory, and investment management.

156.    Forte does not use the asserted FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks in commerce as a trademark or source identifier.

157.    To the extent any use occurred, Forte used the term "financial quarterback" in a descriptive manner only.

158.    To the extent any use occurred, any use by Forte of the asserted FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks was fair use.

159.    To the extent any use occurred, Forte's use of the term "financial quarterback" and Jalinski's asserted Marks have coexisted in the marketplace without any actual confusion.

160.    Any use by Forte of the term "financial quarterback" is not likely to cause confusion, mistake, or deception, or confuse the relevant public as to source, sponsorship, or affiliation with Jalinski.

161.    There is a significant difference in how Forte's use of the term "financial quarterback" and Jalinski's asserted Marks are actually used in commerce, including the difference in the services and/or goods, customers and channels of trade.

162.    Forte does not provide entertainment services.

163.    Forte does not provide services in the same geographic location as Jalinski.

164.    Jalinski also claims that Forte's use of "financial quarterback" dilutes its FINANCIAL QUARTERBACK Marks in violation of 15 U.S.C. § 1125(c).

165.    Forte does not violate the federal dilution statute at least because (a) the FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK marks are not famous marks as defined by statute; and (b) the marks of the parties are sufficiently distinct so as not to cause dilution.

166.    Forte would be damaged, and is being damaged, by enforcement of Jalinski's asserted marks against Forte.

167.    Forte does not infringe any existing and valid trademark right of the Jalinski in FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK under the Lanham Act, state statue or common law.

168.    Forte requests that the Court declare that its use of "financial quarterback" does not infringe any right of the Jalinski.

169.    At least for the reasons stated herein, Forte's use of the "financial quarterback" phrase does not violate any of Jalinski's rights under federal or state law.

170.    Forte is entitled to the relief it is requesting as a matter of law and equity.

**COUNT II**
**Cancellation on Grounds Marks are Merely Descriptive and/or Generic**
**15 U.S.C. § 1119**

171.    Forte incorporates by reference all previous paragraphs of the Amended Answer with Counterclaims as if fully set forth herein.

172.   Jalinski's Trademark Reg. Nos. 4,722,740, 5,346,562, 5,346,563 are not incontestable and therefore are subject to cancellation for any available statutory grounds.

173.   Prior to Jalinski's use, the phrase "financial quarterback" was and continues to be a descriptive and/or generic term of art used by third parties in the financial services marketplace.

174.   Jalinski's FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK Marks are descriptive in that the mark immediately describes the services offered under that mark and Jalinski's mark has not become "distinctive of [its] [services] in commerce." 15 U.S.C. § 1052(f).

175.   Accordingly the asserted FINANCIAL QUARTERBACK Marks are invalid, and Trademark Reg. Nos. 4,722,740, 5,346,562, 5,346,563 should be cancelled.

176.   Furthermore, the phrase "financial quarterback" does not create, in and of itself, a distinctive commercial impression apart from the generic or descriptive meaning of the mark.

177.   The "financial quarterback" phrase immediately conveys knowledge concerning the type of services in connection with which it is used.

178.   Upon information and belief, consumers who are familiar with "financial quarterbacks" (especially those in the financial industry) will understand that Jalinski's marks mean the services identified in the registrations.

179.   The registered marks are used in its ordinary meaning to describe a particular type of wealth management and financial services.

180.   Jalinski's mark is generic because the relevant purchasing public understands "financial quarterback" primarily as the common or class name for a particular type of wealth management and financial services.

181.    For these reasons, Jalinski's FINANCIAL QUARTERBACK marks, Trademark Reg. Nos. 3,782,665, 4,722,740, 5,346,562, 5,346,563 are generic and should be cancelled.

## COUNT III
### Deceptive practices under the NY General Obligations Law
### NY GBL Law § 349

182.    Forte incorporates by reference all previous paragraphs of the Amended Answer with Counterclaims as if fully set forth herein.

183.    Jalinski's demand letters and emails are a deceptive act or practice in the conduct of business, trade or commerce in violation of NY GBL Law § 349 because they seek revenue and changes to Forte's advertising that are (1) entirely legal under trademark laws, both state and federal, and (2) well known by Jalinski to be standard generic usages across the financial industry.

184.    Were Forte to comply with the demanded changes to its advertising, it would suffer losses from having to police its personnel on all of their outward communications on behalf Forte and be restricted in the manner in which it conducts its business.

185.    Were Forte to comply with the demand of **$125,000.00**, it would be damaged by having to pay this amount for conduct that Jalinski knows to be completely legal.

186.    Forte is further entitled to its reasonable attorney's fees and enhanced damages under NY GBL Law § 349.

## Exceptional Case Under Lanham Act

This case is exceptional against Jalinski, entitling Forte to attorney's fees pursuant to 15 U.S.C. § 1117. Furthermore, Forte is entitled to attorney's fees and costs pursuant to the Court's inherent power to sanction, 28 U.S.C. § 1927, and the Federal Rules of Civil Procedure.

**Prayer for Relief**

WHEREFORE, Forte prays for judgment as follows:

i.   The Court to enter judgement in its favor and against Jalinski, dismissing with prejudice each of the claims asserted by Jalinski;

j.   That the Court declare, adjudge, and decree that Forte has not infringed any rights that Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

k.   That the Court declare, adjudge and decree that Jalinski has not been damaged in any way by the use of the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks by Forte;

l.   That the Court declare, adjudge and decree that the use of term "financial quarterback" by Forte does not infringe any rights that Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK Marks;

m.   That the Court order cancellation of the asserted FINANCIAL QUARTERBACK and THE FINANCIAL QUARTERBACK Marks;

n.   That the Court award damages and other equitable relief by virtue of Jalinski's violations and unfair competition under New York state law, including NY GBL Law § 349;

o.   That the Court deem this case exceptional under the Lanham Act;

p.   That the Court award Forte its damages, costs, disbursements and attorney fees as allowed by law and equity; and

q.  That the Court award Forte such other and further relief in its favor as the Court

deems appropriate.

### **Jury Demanded**

Forte hereby demands a jury trial on all claims and counterclaims.

Dated: New York, New York
March 30, 2018

DAVIDOFF HUTCHER & CITRON LLP,

By: _____/s/_____
Matthew R. Yogg
Mark E. Spund
605 Third Avenue
New York, New York 10158
(212) 557-7200
Fax (212) 286-1884
mry@dhclegal.com
mes@dhclegal.com

*Attorneys for Defendant*
*Forte Management, LLC*