**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JALINSKI ADVISORY GROUP, INC.,

                  Plaintiff/Counter-Defendant,

      v.

FORTE MANAGEMENT, LLC,

               Defendant/Counter-Plaintiff.

Case No. 1:18-cv-00024-PKC

**ANSWER TO COUNTERCLAIMS**

      Plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. ("JAG"), by and through its undersigned counsel, hereby responds to the allegations in the Counterclaims of defendant and counterclaim plaintiff Forte Management, LLC ("Defendant"), dated March 30, 2018 ("Counterclaims"), as follows:

## AS TO "PARTIES"

      141.    JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 141 of the Counterclaims.

      142.    JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 142 of the Counterclaims.

      143.    JAG admits the allegations contained in Paragraph 143 of the Counterclaims.

      144.    JAG admits the allegations contained in Paragraph 144 of the Counterclaims.

## AS TO "JURISDICTION"

      145.    Paragraph 145 of the Counterclaims states a legal conclusion to which no response is required.

      146.    Paragraph 146 of the Counterclaims states a legal conclusion to which no response is required.

147.    Paragraph 147 of the Counterclaims states a legal conclusion to which no response it required, except JAG admits that it commenced this action in this judicial District.

## AS TO "COUNT I – DECLARATORY JUDGEMENT OF NON-INFRINGEMENT"

148.    JAG incorporates all preceding paragraphs as if fully set forth herein.

149.    JAG incorporates all preceding paragraphs as if fully set forth herein.

150.    Paragraph 150 of the Counterclaims contains conclusions of law and argument to which no response is required.

151.    Paragraph 151 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 151 of the Counterclaims.

152.    JAG denies the allegations contained in Paragraph 152 of the Counterclaims.

153.    JAG denies the allegations contained in Paragraph 153 of the Counterclaims.

154.    JAG denies the allegations contained in Paragraph 154 of the Counterclaims.

155.    JAG denies the allegations contained in Paragraph 155 of the Counterclaims.

156.    JAG denies the allegations contained in Paragraph 156 of the Counterclaims.

157.    JAG denies the allegations contained in Paragraph 157 of the Counterclaims.

158.    JAG denies the allegations contained in Paragraph 158 of the Counterclaims.

159.    JAG denies the allegations contained in Paragraph 159 of the Counterclaims.

160.    JAG denies the allegations contained in Paragraph 160 of the Counterclaims.

161.    JAG denies the allegations contained in Paragraph 161 of the Counterclaims.

162.    JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 162 of the Counterclaims.

163.    JAG denies the allegations contained in Paragraph 163 of the Counterclaims

164.     JAG admits the allegations contained in Paragraph 164 of the Counterclaims.

165.     JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in section (a) of Paragraph 165 of the Counterclaims and denies the allegations contained in section (b) of Paragraph 165 of the Counterclaims.

166.     JAG denies the allegations contained in Paragraph 166 of the Counterclaims.

167.     JAG denies the allegations contained in Paragraph 167 of the Counterclaims.

168.     Paragraph 168 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 168 of the Counterclaims.

169.     JAG denies the allegations contained in Paragraph 169 of the Counterclaims.

170.     JAG denies the allegations contained in Paragraph 170 of the Counterclaims.

### AS TO "COUNT II – CANCELLATION ON GROUNDS MARKS ARE MERELY DESCRIPTIVE AND/OR GENERIC"

171.     JAG incorporates all preceding Paragraphs as if fully set forth herein.

172.     JAG denies the allegations contained in Paragraph 172 of the Counterclaims.

173.     JAG denies the allegations contained in Paragraph 173 of the Counterclaims.

174.     Paragraph 174 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 174 of the Counterclaims.

175.     Paragraph 175 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 175 of the Counterclaims.

176.    Paragraph 176 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 176 of the Counterclaims.

177.    Paragraph 177 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 177 of the Counterclaims.

178.    JAG denies the allegations contained in Paragraph 178 of the Counterclaims.

179.    JAG denies the allegations contained in Paragraph 179 of the Counterclaims.

180.    Paragraph 180 of the Counterclaims contains conclusions of law and argument to which no response is required.

181.    JAG denies the allegations contained in Paragraph 181 of the Counterclaims.

## AS TO "COUNT THREE – DECEPTIVE PRACTICES UNDER THE NY GENERAL OBLIGATIONS LAW"

182.    JAG incorporates all preceding Paragraphs as if fully set forth herein.

183.    JAG denies the allegations contained in Paragraph 183 of the Counterclaims.

184.    JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 184 of the Counterclaims.

185.    JAG denies the allegations contained in Paragraph 185 of the Counterclaims.

186.    JAG denies the allegations contained in Paragraph 186 of the Counterclaims.

## AS TO "EXCEPTIONAL CASE UNDER LANHAM ACT"

This unnumbered Paragraph contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in this unnumbered Paragraph of the Counterclaims.

## AFFIRMATIVE DEFENSES

In further response to the Counterclaims, JAG asserts the following affirmative defenses. By alleging the defenses set forth below, JAG does not intend to alter the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue. Moreover, JAG pleads all affirmative defenses in the alternative, and they do not constitute an admission of liability or that the Defendant is entitled to any relief whatsoever.  JAG reserves the right to raise additional affirmative defenses as they become known to it through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each and every claim for relief therein, fail to allege facts sufficient to state a claim for relief against JAG.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not sustained any injury or damage as a result of any act or conduct of JAG and JAG has at all times acted with innocent intent.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred on the grounds waiver, laches and estoppels.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred on the basis that this Court lacks primary jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

JAG's marks are valid and enforceable.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has infringed on JAG's marks.

## JURY TRIAL DEMAND

JAG demands a trial by jury on all issues so triable.

**WHEREFORE**, plaintiff and counterclaim defendant JAG demands judgment in its favor and against defendant and counterclaim plaintiff Forte Management, LLC, as follows:

A. Dismissing the Counterclaims in their entirety with prejudice;

B. Judgment that Defendant has:

 a. Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1114 of Title 15 in the United States Code;

 b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

 c. Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

 d. Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of New York;

 e. Willfully committed deceptive acts in violation of Section 349 of the New York General Business Law;

 f. Willfully committed acts with the intent to deceive or mislead in violation of Section 133 of the New York General Business Law; and

 g. Willfully diluted JAG's "Financial Quarterback Trademark" in violation of Section 260 of the New York General Business Law.

C.     An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark," including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark."

D.     An order directing the destruction of all advertising materials related to goods and/or services marketed using Defendant's "Financial Quarterback Trademark," including on the Internet;

E.     An award of Defendant's non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for Defendant's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

F.     Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
     April 11, 2018

**BARTON LLP**

By: _____
     Maurice N. Ross

420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
mross@bartonesq.com

*Attorneys for Plaintiff*
*Jalinski Advisory Group, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 11th day of April, 2018, I caused to be electronically filed the foregoing Answer to Counterclaims of plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following registered users:

Matthew R. Yogg, Esq.
Mark E. Spund, Esq.
DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
(212) 286-1884 (Fax)
*mry@dhclegal.com*
*mes@dhclegal.com*

*Attorneys for Defendant*
*Forte Management, LLC*

Dated: April 11, 2018

_____/s/ Maurice N. Ross_____
BARTON LLP
420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
*mross@bartonesq.com*

*Attorneys for Plaintiff*
*Jalinski Advisory Group, Inc.*